**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000688**
**07-FEB-2023**
**07:52 AM**
**Dkt. 141 SO**

NO. CAAP-21-0000688

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
EVELIN ITURBIDE, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 1CPC-18-0000280)

### SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Hiraoka and Chan, JJ.)

Defendant-Appellant Evelin **Iturbide** appeals from the **"Judgment** of Conviction and Sentence" entered by the Circuit Court of the First Circuit on November 15, 2021.[1] For the reasons explained below, we vacate the Judgment and remand for a new trial.

A grand jury indicted Iturbide for Murder in the Second Degree, for intentionally or knowingly causing the death of her husband, **Juan** Iturbide. After a jury trial, Iturbide was convicted of the included offense of Reckless Manslaughter. Iturbide was sentenced to 20 years in prison. The Judgment was entered on November 15, 2021. This appeal followed.

Iturbide raises four points of error. One is dispositive.[2] She contends:

---

[1] The Honorable Paul B.K. Wong presided.

[2] We need not address Iturbide's contentions that the circuit court erred by denying her request to have the proposed jurors wear clear masks

(continued...)

> The circuit court erred in refusing the evidence of Jessica[ Estrada]'s infidelity and the burglary because the evidence was admissible as probative of her untrustworthiness and credibility pursuant to [Hawaii Rules of Evidence] 608 and 609.1. The circuit court's errors constituted reversible error because Jessica's credibility, as a percipient witness, was critical to the State's case and conflicted with [Iturbide]'s testimony and her defense. The evidence was also crucial because Jessica's testimony had changed a number of times and the bases for her inconsistencies were at issue. The errors cannot be considered harmless as there is a reasonable possibility that it contributed to [Iturbide]'s conviction. [Iturbide]'s rights to due process and fair trial were violated, and her conviction must be vacated. U.S. Const. amend. V, VI, and XIV; Haw. Const. art. I, §§ 5, 14.

The incident that resulted in Juan's death took place in the Iturbides' apartment. A friend of the Iturbides, **Jessica** Estrada, was in the apartment and witnessed the incident. There were no other eyewitnesses.

Iturbide filed a notice of intent to introduce evidence of other crimes, wrongs, or acts involving Jessica. The notice stated, in relevant part:

> 9. The credibility of State witness, Jessica Estrada, will also be at issue during the trial. Therefore, Defense will also seek to introduce the following evidence of other crimes, wrongs or acts of Ms. Estrada as specific instances of untruthfulness and/or for the purpose of establishing her motive, bias, interest and/or intent:
>
> > a. Ms. Estrada was cheating on her husband with a man named Julio. Julio was in the Marines. Ms. Estrada gave him the nickname "Cookie" in her phone to hide the affair from her husband.
> >
> > b. Ms. Estrada admitted to [Iturbide] that she had cheated on her husband with another individual.
> >
> > . . . .
> >
> > e. On February 22, 2018, Ms. Estrada broke into [Iturbide]'s residence . . . . She also took property from the home (the same date as her fourth statement to HPD detectives).

The State filed a motion in limine to preclude Iturbide from questioning Jessica about the alleged extramarital affair

---

[2](...continued)
during jury selection, allowing rebuttal testimony by two witnesses, and denying Iturbide's motion for mistrial.

and the alleged burglary. The motion was heard on March 2, 2020. The circuit court precluded Iturbide from eliciting evidence of Jessica's affair with Julio/Cookie and the burglary, stating:

> The Court doesn't find infidelity to be **probative** here. And after reviewing Rule 608, 609 and 609.1, the Court doesn't find this to be admissible on the rules -- under the rules. ***Nor would infidelity be probative***. And the prejudicial value on this side trial as to Ms. Estrada's extramarital affairs would confuse the jury. So under all of those rules the Court denies the use of what's in paragraphs 9(a) and 9(b).
>
> . . . .
>
> The Court's going to disallow the alleged burglary on February 25th [sic], 2018, during Ms. Estrada's -- or at any time. Whether or not she did or did not commit that particular offense is not relevant here. That kind of **bad act** again is controlled by Rule 608, 609 and 609.1. After review of all of those rules, the Court doesn't find an avenue of admissibility for that **bad act**. And it is highly prejudicial and will be kept out.

(Emphasis added.) A written order was entered on August 17, 2021.

The circuit court's rulings characterizing the proffered cross-examination not being probative of truthfulness, see, e.g., United States v. Ulloa, 942 F. Supp. 2d 202, 207 (D. N.H. 2013) (holding that under Federal Rules of Evidence Rule 608(b) marital infidelity is not probative of character for truthfulness), aff'd, 760 F.3d 113 (1st Cir. 2014),[3] or being "[e]vidence of other crimes, wrongs, or [bad] acts" not admissible under Hawaii Rules of Evidence (**HRE**) Rules 404(b) and 403, was not error.

We disagree, however, with the circuit court's ruling that the proffered cross-examination was not probative of bias, interest, or motive under HRE 609.1(a).

> The sixth amendment to the United States Constitution and article I, section 14 of the Hawaiʻi Constitution guarantees an accused the right to confront adverse witnesses. Indeed, the main and essential purpose of

---

[3] "Although cases interpreting provisions in the Federal Rules of Evidence are of course not binding on us, we may refer to them for their persuasive authority in interpreting similar provisions of the Hawaii Rules of Evidence." State v. Davis, 140 Hawaiʻi 252, 258 n.14, 400 P.3d 453, 459 n.14 (2017) (citing State v. Jhun, 83 Hawaiʻi 472, 478, 927 P.2d 1355, 1361 (1996)).

> confrontation is to secure for the opponent the opportunity of cross-examination, and the ***exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross examination***. Additionally, [HRE] Rule 609.1(a) (2016) provides that the "credibility of a witness may be attacked by evidence of bias, interest, or motive." This court has established that ***bias, interest, or motive is always relevant under HRE Rule 609.1.***

<u>State v. Miranda</u>, 147 Hawai'i 171, 179, 465 P.3d 618, 626 (2020) (cleaned up) (emphasis added).

In <u>Miranda</u>, the supreme court discussed <u>State v. Balisbisana</u>, 83 Hawai'i 109, 924 P.2d 1215 (1996), <u>State v. Marcos</u>, 106 Hawai'i 116, 102 P.3d 360 (2004), <u>State v. Levell</u>, 128 Hawai'i 34, 282 P.3d 576 (2012), and <u>State v. Acacio</u>, 140 Hawai'i 92, 398 P.3d 681 (2017), and summarized:

> These cases demonstrate that the appropriate inquiry when reviewing an alleged violation of a defendant's constitutionally protected right to demonstrate bias or motive is ***whether the trier of fact had sufficient information, including as to its source, from which to make an informed appraisal of the witness's potential motive and bias***. Once the defendant is afforded the ***threshold level of inquiry under the confrontation clause***, the trial court may conduct a balancing test to weigh the probative value of any additional motive evidence against its potential for undue prejudice.

147 Hawai'i at 180, 465 P.3d at 627 (cleaned up) (emphasis added).

As to Jessica's alleged extramarital affair with a Marine named Julio/Cookie, or Jessica's alleged admission to Iturbide that [Jessica] had cheated on her husband, we note that the circuit court denied the State's motion in limine to preclude Iturbide from cross-examining Jessica about "having an affair and/or inappropriate relationship with Mr. Iturbide." The court stated: "9(d)[4] comes in under 609.1. [Jessica] arguably has an interest in the outcome of the case. And therefore it affects her bias."[5]

---

[4] Item 9(d) of Iturbide's notice of intent stated: "[Jessica] was having an affair and/or inappropriate relationship with Mr. [Juan] Iturbide."

[5] During the trial Iturbide did not cross-examine Jessica about an alleged affair with Juan.

We note that Juan was a cook in the Marine Corps. The circuit court should have conducted the threshold level of inquiry into whether the trier of fact would have had sufficient information from which to make an informed appraisal of Jessica's potential motive and bias without cross-examination on items 9(a) and 9(b) — in other words, whether Julio/Cookie was actually Juan. The circuit court could then, if necessary, have balanced whether the probative value of Jessica's bias, interest, or motive under HRE 609.1(a) was "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence" under HRE Rule 403. See Miranda, 147 Hawai'i at 180, 465 P.3d at 627; Balisbisana, 83 Hawai'i at 114, 924 P.2d at 1220 (citing HRE Rule 403).

As to Jessica's alleged burglary of the Iturbides' apartment four days after the stabbing, Levell is instructive. The defendant in that case was charged with harassment for allegedly shoving the complaining witness. The defendant was not permitted to cross-examine the complaining witness about whether she had stolen and used his credit cards. The supreme court held that the defendant's constitutional right to confront the complaining witness had been violated. 128 Hawai'i at 40, 282 P.3d at 582. The supreme court

> explained that if the defendant had been allowed to ask about the alleged theft, he might have elicited testimony tending to show that the complainant was biased or motivated to fabricate or exaggerate a story about harassment, which may have affected the trial court's view of the complainant's testimony and, ultimately, whether the State had proven its case.

Miranda, 147 Hawai'i at 180, 465 P.3d at 627 (citing Levell, 128 Hawai'i at 40, 282 P.3d at 582).

Similarly, in this case the circuit court should have conducted the threshold level of inquiry to determine whether the trier of fact would have had sufficient information from which to make an informed appraisal of Jessica's potential motive and bias without cross-examination about the alleged burglary. The

circuit court could then, if necessary, have balanced whether the probative value of Jessica's bias, interest, or motive under HRE 609.1(a) was "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence" under HRE Rule 403.  See Miranda, 147 Hawaiʻi at 180, 465 P.3d at 627;  Balisbisana, 83 Hawaiʻi at 114, 924 P.2d at 1220 (citing HRE Rule 403).

Based on the foregoing, we vacate the "Judgment of Conviction and Sentence" entered by the circuit court on November 15, 2021, and remand for a new trial.

DATED:  Honolulu, Hawaiʻi, February 7, 2023.

On the briefs:

Taryn R. Tomasa,
Deputy Public Defender,
State of Hawaiʻi,
for Defendant-Appellant.

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge